UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTOR RAFAEL GONZALEZ-CRUZ,

    Petitioner,

v.

KEVIN MCALEENAN, et al.,

    Respondents.

CASE NO. C19-2031-RSM-BAT

**REPORT AND RECOMMENDATION**

Victor Gonzalez-Cruz initiated this 28 U.S.C. § 2241 immigration habeas action to obtain release from immigration detention or a bond hearing. Dkt. 1. The Government has moved to dismiss, arguing that this action is moot because Mr. Gonzalez-Cruz has been removed to Mexico pursuant to an administratively final order of removal. *See* Dkts. 5, 11. Mr. Gonzalez-Cruz has objected to the Government's motion, arguing that he never received a hearing to determine whether he was a flight risk or a danger to the community and that he is not subject to a final order of removal. Dkt. 6. He also asks the Court to construe his objection as an application for reentry to the United States. *Id.*

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . .

REPORT AND RECOMMENDATION - 1

there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Mr. Gonzalez-Cruz's habeas petition challenges only the length and conditions of his immigration detention, his claims were fully resolved by release from custody. *See id.* at 1065.

This conclusion is not altered by Mr. Gonzalez-Cruz's claim that he was not subject to a final order of removal. District courts do not have jurisdiction to review challenges to removal orders. *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal"); 8 U.S.C. § 1252(b)(9) (consolidating judicial review "of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove [a noncitizen] from the United States" in the courts of appeals). Even habeas "claims that indirectly challenge a removal order" are prohibited. *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012). The Court does not have jurisdiction over Mr. Gonzalez-Cruz's claim regarding his removal order.

Finally, there is no legal basis for the Court to construe Mr. Gonzalez-Cruz's brief as an application for reentry. Mr. Gonzalez-Cruz must file such an application with the proper governmental entity, which is not this Court.

In sum, there is no collateral consequence that could be redressed by the Court. The Court thus recommends that the Government's motion to dismiss, Dkt. 5, be **GRANTED**, petitioner's habeas petition be **DENIED**, and this action be **DISMISSED** without prejudice. A proposed order accompanies this Report and Recommendation.

1        This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

        Objections, however, may be filed and served upon all parties no later than **March 5, 2020.** The Clerk should note the matter for **March 6, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five pages. The failure to timely object may affect the right to appeal.

        DATED this 12th day of February, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3